**SIGNED.**

**Dated: September 15, 2011**

*[signature]*

**James M. Marlar, Chief Bankruptcy Judge**
_____

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br>TEXAS HILL ENTERPRISES, GP, an Arizona general partnership,<br>　　　　　　　　　　Debtor.<br>In re:<br>TEXAS HILL DIAMANTE COOLING, L.L.C.,<br>　　　　　　　　　　Debtor. | Chapter 11<br>Case No. 0:10-bk-11121-JMM<br>Case No. 0:10-bk-11126-JMM<br>(Jointly Administered)<br><br>**MEMORANDUM DECISION** |

Before the court is an application, made by Sandstone Marketing, Inc. (ECF No. 451). The application seeks allowance, against the estate, of a claim for administrative expenses in the sum of $67,038.

## **BACKGROUND**

The parties are familiar with the facts, and they need not be recited again in great detail. But, to highlight the relevant bankruptcy issues, the following undisputed facts are material:

1. The Debtors filed their Chapter 11 cases on April 15, 2010.
2. Sandstone leased land from the Debtors.

3. On July 23, 2010, Sandstone made its periodic lease payment to Debtors. The amount was $97,001.80.

4. The Debtors did not use any of those monies to pay the Debtors' lease payments to their landlord, Diamond A Products. Instead, they used the money in operations. In fact, the Debtors failed to pay Diamond A.

5. A Trustee was appointed for the Debtors' estates on August 25, 2010.

6. The Trustee rejected the Diamond A lease as of September 24, 2010.

7. Diamond A then demanded that Sandstone either vacate the premises or pay $60,000 to remain long enough to allow Sandstone to harvest its crops. Sandstone also agreed to spend $7,308 to restore the ground that it eventually vacated. (This amount was reduced somewhat.)

Sandstone maintains that the $67,308 it paid, in order to remain on the land, which land lease the Debtor rejected, entitles it to be an administrative expense creditor.

## **DISCUSSION**

The monies paid by Sandstone to Diamond A did not benefit the estate. The estate had abandoned its interest in the land, as of September 24, 2010, when the estate walked away from the Diamond A lease. Nothing Sandstone did, after the rejection, benefitted the estate in any way. Its actions and payments only benefitted itself. While there may be some type of breach of contract claim available, that claim cannot qualify as administrative in nature.

Sandstone also appears to raise some type of "earmarking" issue relating to its rental payments made to the Debtors. The Debtors apparently used Sandstone's lease monies for other purposes, and did not pay any portion of Sandstone's payment over to Diamond A. In the absence of any showing that there existed some type of fiduciary duty to Sandstone to do so, the Debtors could use the Sandstone sublease payments in any way in their operations.[1] Cf., In re North

---

[1] The Debtors' misuse of the bankruptcy process, which led to the appointment of a Trustee, does not per se entitle Sandstone to an administrative expense.

2

Case 0:10-bk-11121-BMW   Doc 481   Filed 09/15/11   Entered 09/16/11 09:29:51   Desc
Main Document - Motion to Allow Claims    Page 2 of 3

American Coin and Currency, Ltd. (Torres v. Eastlick), 767 F.2d 1573 (9th Cir. 1985).

As for Sandstone's argument that it is somewhat a third-party beneficiary of the contract between Diamond A and the Debtors, the record is devoid of any evidence to support that contention.

## **RULING**

Sandstone's application for an administrative expense against the estate will be denied. A separate order will issue. FED R. BANKR. P. 9021.

Any aggrieved party has 14 days within which to perfect an appeal, once the order is entered on the docket. FED R. BANKR. P. 8002.

DATED AND SIGNED ABOVE.

COPIES to be sent by the Bankruptcy Notification Center ("BNC") to the following:

Michael S. Woodlock, Attorney for Sandstone Marketing

Philip R. Rudd, Attorney for Trustee

Daniel P. Collins and Alysse M. Medina, Attorneys for Debtors

Tamalyn E. Lewis, Attorney for Farm Credit Services Southwest

John S. Garcia, Attorney for Diamond A Products, Inc.

Elizabeth C. Amorosi, Office of the U.S. Trustee

3

Case 0:10-bk-11121-BMW   Doc 481   Filed 09/15/11   Entered 09/16/11 09:29:51   Desc
Main Document - Motion to Allow Claims    Page 3 of 3